**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MARIA ZABOROWSKI and
ANDREW ZABOROWSKI,

      Plaintiffs,

v.                                                                                    Civ. No. 25-1061 GBW/GJF

ROCK RIDGE INSURANCE
COMPANY,

      Defendant.

## ORDER DENYING MOTION TO BIFURCATE AND STAY DISCOVERY

THIS MATTER comes before the Court upon Defendant Rock Ridge Insurance Company's Motion to Bifurcate and Stay. Dkt. No. 24. Plaintiffs responded in opposition. Dkt. No. 27. Rock Ridge Insurance Company ("Rock Ridge") filed its reply. Dkt. No. 29. Consequently, the briefing on the motion is complete. Having considered the motion, the response, the reply, and the governing law, the Court **DENIES** the Motion to Bifurcate and Stay.

## I.     BACKGROUND

This action is a first-party insurance coverage dispute arising from Plaintiffs' claim on their homeowners' insurance for damages to their home in Anthony, New Mexico, which they allege occurred during a September 26, 2023, hailstorm. Complaint, Dkt. No. 1 at 6-7 of 19 (¶¶ 7-11). Plaintiffs contend that although their home was covered by insurance issued by Rock Ridge at the alleged time of loss, Rock Ridge denied the claim. *Id*. at 7 and 13 of 19 (¶¶ 9-10, 13, 48-50). According to Plaintiffs, Rock Ridge conducted an inadequate and untimely investigation after which it concluded that there had been no hailstorm on September 26, 2023, and that the damage and interior leak instead were caused by age and a design flaw in the roof. *Id*. at 7-8 of 19 (¶¶ 13-

14, 19). In other words, Rock Ridge determined that the damages Plaintiffs claimed did not stem from a weather event and were not covered under the policy.

Plaintiffs assert both contractual and extra-contractual claims. *Id*. at 12-16 of 19. As to the former, they contend that they complied with all conditions precedent, that Rock Ridge refused to pay in accordance with the terms of the policy, and that they suffered additional damages as a result of the denial of coverage. *Id*. at 6-7, 12-13 of 19 (¶¶ 5, 9-12, 15, 41, 44, 46, 48-52). As to the latter, Plaintiffs assert claims for violation of the New Mexico Unfair Insurance Claim Practices Act, NMSA 1978, § 59A-16-20 (Count II), *Id*. at 13-15 of 19, and for insurance bad faith (Count III). *Id*. at 15-16 of 19.

## II.    LEGAL STANDARD

A trial court has broad discretion in determining whether to bifurcate a trial or discovery under Rule 42(b). *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir.1985). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico*, No. CIV 07–199 JB/RHS, 2007 WL 5231690, at *2 (D.N.M. Aug. 14, 2007) (citing *Mandeville v. Quinstar Corp.*, 109 F. App'x. 191, 194 (10th Cir. 2004)). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* at *9 (quoting *Angelo v. Armstrong World Inds., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)). Moreover, bifurcation should not be ordered routinely unless it is clearly necessary. *See Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 98 (E.D. Pa. 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010).

2

The district court also has broad discretion in managing its docket, including the entry of an order staying proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The district court can stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "Whether to stay discovery depends to a substantial degree on the facts and procedural progress of each individual case." *Driscoll v. State Farm Mutual Auto. Ins. Co.*, No. 1:22-cv-00756-LF-JFR, 2023 WL 3983871, at *3 (D.N.M. June 13, 2023) (quotation omitted). "The party seeking a stay generally faces a difficult burden and must make a strong showing of necessity when seeking relief that would delay the court proceeding." *Id.* (quotation omitted).

## III.    DISCUSSION

In its Motion, Rock Ridge seeks bifurcation of Plaintiffs' extra-contractual claims from their breach of contract claim, both at trial and during discovery. Dkt. No. 24. Rock Ridge asserts that bifurcating the claims will conserve judicial resources and avoid confusion of the jury and prejudice to Defendant at trial. In support, Rock Ridge argues that because Plaintiffs' extra-contractual claims are predicated on a contractual breach, they are not ripe unless and until a factfinder determines whether and to what extent Plaintiffs are entitled to collect under the subject insurance policy. *Id*. at 2, 4. In Rock Ridge's view, a stay of bad faith discovery would eliminate the need to conduct complex and extensive discovery on the extra-contractual claims. *Id*. at 2, 7. Rock Ridge urges the Court to stay discovery on the extracontractual claims and limit discovery to whether Rock Ridge breached the insurance contract. *Id*. at 7. Finally, Rock Ridge contends that it will be prejudiced if both the contractual and extra-contractual clams are tried before a single jury because they raise distinct and separate factual issues. *Id*. at 6, 8.

For their part, Plaintiffs argue that judges in the District of New Mexico have routinely rejected the arguments that Rock Ridge sets forth in motion. Dkt. No. 27 at 1-2.[1] Plaintiffs contend that under New Mexico law there is no need to bifurcate discovery because Plaintiffs have a right to purse their extra-contractual claims regardless of the outcome of their breach of contract claim. *Id*. at 5-7. Plaintiffs note that by failing to timely communicate concerning the Claim, failing to affirm coverage within a reasonable time, failing to timely and fairly investigate the Claim, delaying resolution of the Claim, wrongfully denying payment for covered damages, and failing to give adequate justification for the lack of parity between the assessment of the damages to the subject property by independent third-party contractors and its own assessment of the loss," *id*. at 9, Rock Ridge is liable for damages independent of whether the damage to Plaintiffs' roof is covered by the policy.

Having considered the parties' arguments and the posture of the case, the Court denies the Motion for the following reasons. First, the decision whether to bifurcate Plaintiffs' claims *for purposes of trial* is a matter committed to the discretion of the presiding judge. He has set the trial in February 2027, and the parties are free to address bifurcation at trial by separate motion once the case is closer to trial. Therefore, to the extent Rock Ridge seeks bifurcation at trial, the Court denies the Motion without prejudice to raising the issue again in a subsequent motion for consideration by the presiding judge.

In evaluating Rock Ridge's request that the Court bifurcate Plaintiffs' claims *for purposes of discovery*, and its related request that the Court stay discovery on the extra-contractual claims

---

[1] Rock Ridge attempts to distinguish the cases cited by Plaintiffs on the ground that in those cases, the existence of coverage was not at issue, while coverage of the claimed damages is a point of contention in this case. Under New Mexico law, however, a bad faith claim does not necessarily require the resolution of an underlying dispute regarding coverage or the amount of a claim. *Willis v. Gov't Empl. Ins. Co*., Civ. No. 13-280 KG/KK, 2015 WL 11181339 at *3 (D.N.M. June 17, 2015).

pending resolution of the breach of contract claim, the Court considers the procedural posture of this case. *See Driscoll*, 2023 WL 3983871, at *3 ("Whether to stay discovery depends to a substantial degree on the facts and procedural progress of each individual case."). Early on, Rock Ridge mentioned in the parties' Joint Status Report and Provisional Discovery Plan that it intended to file a motion to bifurcate. Dkt. No 11 at 6. As a result, the Court inquired about both bifurcation and the order of discovery at the December 19, 2025, Rule 16 Initial Scheduling Conference. Dkt. No. 14. Noting that a motion to bifurcate had yet to be filed, however, the Court permitted discovery on all claims with no objection from Rock Ridge. Rock Ridge then waited *until halfway through the discovery period* before filing its motion, and it did so without identifying any development since the Initial Scheduling Conference that would necessitate bifurcation now when there had apparently been no pressing need to bifurcate at the time the Court entered its Scheduling Order. Consequently, to the extent Rock Ridge seeks bifurcation *of discovery*, its request comes inexcusably late. With the close of discovery now a mere six weeks away, and the parties' expert disclosure deadlines having already passed, the Court concludes that Rock Ridge has not met its burden to demonstrate that bifurcation of discovery at this late stage would be proper.[2]

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Rock Ridge Insurance Company's Motion to Bifurcate and Stay (Dkt. No. 24) is **DENIED WITHOUT PREDJUDICE** to the extent it seeks to bifurcate claims at trial.

---

[2] In addition, if discovery on the extracontractual claims were not to commence until after the February 2027 trial, then the trial of those claims likely would not be set before 2028. That sort of multi-stage, conditional, and protracted discovery schedule is antithetical to the reasonably prompt resolution of straightforward claims like the ones brought here. *See generally* Fed. R. Civ. P. 1 (instructing "courts and parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

**IT IS FURTHER ORDERED** that Defendant Rock Ridge Insurance Company's Motion to Bifurcate and Stay (Dkt. No. 24) is **DENIED** to the extent Defendant seeks to bifurcate and stay discovery on the extra-contractual claims.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE